Pierson R. Hildreth, S.
In this accounting proceeding objections were filed by testator’s daughter who is one of two residuary legatees. The principal objection is that the executor, who is a son of the testator and who is the other residuary legatee, has failed to account for assets of the approximate value of $16,000 and for the interest thereon.
One of the assets which the objectant claims should be accounted for herein is the sum of $10,600.88, the balance on deposit at the time of the testator’s death in account No. 1602 with North Fork Bank & Trust Co. in the individual name of the executor. Such account remained in the executor’s individual name until it was closed. The executor made no withdrawals from the account until after testator’s death, and all moneys withdrawn were used by the executor for his own use.
The evidence shows that about six months prior to testator’s death the executor, then acting as attorney in fact for the testator under a power of attorney, withdrew the entire balance *66 of testator’s account in the Southold Savings Bank, in the form of a check for $10,561.98 payable to the testator. Three days thereafter the executor used such check to open the above-mentioned account No. 1602 with the North Fork Bank and Trust Co. The executor testified that the funds so withdrawn belonged to the testator and that they were neither a gift nor compensation from his father to himself. The evidence fully convinces the court that the executor with respect to this transaction at all times was acting as attorney in fact for his father; that the moneys deposited in said account No. 1602 were and remained the property of the testator; that the deposit in the name of the executor in his individual name alone was for convenience to enable him to pay bills and obligations which might be incurred and owed by his aged father, or on his behalf, if the need arose. The amount of $10,600.88 should be added to and included in the account as an asset of the estate for which the executor must account, and the objection with respect to such item is sustained.
Objectant also demands that the executor be surcharged with legal interest. Where as here an executor has used funds of an estate for his own use he must account for their use at the highest rate imposed by law, or for the actual profits resulting from the investment of the trust property if the beneficiaries elect to compel him to do so. (Matter of Myers, 131 N. Y. 409, 417.) In fact there is authority for charging compound interest at legal rates under such circumstances. (Matter of Kernochan, 104 N. Y. 618, 631.) Accordingly the executor will be surcharged with simple interest at 6% per annum on $10,600.88 from October 28,1953, the date of testator’s death, until the date of filing of a supplemental account showing the receipt of said amount of $10,600.88 by the executor as an asset of testator’s estate.
Another objection relates to failure to account for certain household furnishings and furniture belonging to decedent. There is no evidence that these items had more than nominal or sentimental value. Upon the hearing the executor stated that such items were still available and agreed that the objectant could have any of such items she desires. This objection is accordingly deemed withdrawn.
In the opinion of the court the other objections were not sustained by the evidence and they are dismissed.
The account on file is made as of September 28, 1956. The executor is directed to file an amended and supplemental account showing all receipts and payments since that date and charging himself with said amount of $10,600.88 and legal interest thereon as aforesaid. There is no doubt in the mind of the *67 court that it was through the sole efforts of the objectant and her counsel that the funds with respect to which the executor is surcharged were brought into the estate. The objectant will be allowed costs to be taxed and determined at the time of the settlement of the decree, the same to be charged against the executor personally. No commissions will be allowed to the executor on the amounts surcharged.